IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 15-60821

SOUTHWESTERN ELECTRIC POWER COMPANY, et al.,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,
Respondents.

**RESPONDENTS' MOTION TO HOLD PROCEEDINGS IN ABEYANCE WHILE THE AGENCY UNDERTAKES RECONSIDERATION**

Respondents United States Environmental Protection Agency and E. Scott Pruitt, in his official capacity as Administrator (collectively "EPA"), hereby move the Court to hold all proceedings, including the May 4, 2017 deadline for EPA's merits brief and all subsequent deadlines, in abeyance for 120 days, until August 12, 2017, while EPA undertakes reconsideration of the rule at issue in these proceedings. EPA further requests that, at the conclusion of 120 days, it be permitted to file a motion to govern further proceedings to inform the Court if it wishes to seek a remand of any provisions of the rule, so that it can conduct further rulemaking. Pursuant to Fifth Circuit Rule 27.4, the undersigned counsel has conferred with counsel for petitioners. Two groups of petitioners have indicated

their intent to file oppositions; other petitioners consent to the motion.  The

consenting and opposing parties are identified in paragraph 9, below.

In support of this motion, EPA states as follows:

1.     These consolidated petitions for review challenge an EPA final rule

entitled "Effluent Limitations Guidelines and Standards for the Steam Electric

Power Generating Point Source Category" (hereinafter "rule"), 80 Fed. Reg.

67,838 (Nov. 3, 2015).

2.     Pursuant to this Court's scheduling order, dated September 28, 2016

(Doc. No. 00513695163), Petitioners filed three opening briefs on December 5,

2016.  EPA's responsive brief is currently due, under one 30-day extension of

time, on May 4, 2017.  *See* Doc. No. 00513919648.  The intervenor briefs are to be

filed 30 days after EPA's brief is filed, and the reply briefs are to be filed 30 days

after the intervenor briefs are filed.  *See* Doc. No. 00513695163.

3.     On March 24, 2017, the Utility Water Act Group ("UWAG"), a

petitioner in these proceedings, submitted to EPA an administrative petition for

reconsideration of the Rule and requested that EPA suspend the rule's approaching

deadlines.  By letter dated April 5, 2017, the Small Business Administration Office

of Advocacy also petitioned the EPA for reconsideration of the rule.

4.     By letter dated April 12, 2017, Administrator Pruitt announced that

EPA intends to reconsider the rule.  *See* Attachment A hereto (hereinafter "April

12, 2017 Letter"). Also on April 12, 2017, Administrator Pruitt signed a notice for publication in the Federal Register announcing EPA's decision to grant UWAG's request for an administrative stay of the rule pending judicial review under 5 U.S.C. § 705. *See* Attachment B hereto (hereinafter "April 12, 2017 Notice").

5.      As explained in the April 12, 2017 Notice, the administrative petitions "raise wide-ranging and sweeping objections to the rule, some of which overlap with the claims in ongoing litigation challenging the Rule" in this Court. EPA plans to undertake a careful and considerate review of the rule, in view of the issues raised in the administrative petitions, and, if warranted, to conduct further rulemaking to revise the rule. *See* Attachment A. Additionally, EPA intends to undertake notice-and-comment rulemaking to stay or extend the rule's compliance deadlines. *Id.*

6.      Accordingly, EPA now moves the Court to hold all proceedings, including the May 4, 2017 deadline for EPA's brief and all subsequent briefing deadlines, in abeyance for 120 days, until August 12, 2017. EPA further requests that, at the conclusion of 120 days, it be permitted to file a motion to govern further proceedings to inform the Court if it wishes to seek a remand of any provisions of the rule, so that it can conduct further rulemaking, if appropriate.

7.      Agencies have inherent authority to reconsider past decisions and to revise, replace or repeal a decision to the extent permitted by law and supported by

a reasoned explanation. *FCC v. Fox Television Stations, Inc*., 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co*., 463 U.S. 29, 42 (1983) ("*State Farm*"); *ConocoPhillips Co. v. EPA*, 612 F.3d 822, 832 (5th Cir. 2010). EPA's interpretations of statutes it administers are not "carved in stone" but must be evaluated "on a continuing basis," for example, "in response to . . . a change in administrations." *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs*., 545 U.S. 967, 981 (2005) (internal quotation marks and citations omitted). *See also Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038 & 1043 (D.C. Cir. 2012) (a revised rulemaking based "on a reevaluation of which policy would be better in light of the facts" is "well within an agency's discretion," and "'[a] change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations'") (quoting *State Farm*, 463 U.S. at 59 (Rehnquist, J., concurring in part and dissenting in part )).

8. Given EPA's pending reconsideration of the rule, an abeyance in this Court is warranted. An abeyance would preserve the resources of the parties and the Court because briefing has not yet been completed and oral argument has not been scheduled. It is possible that EPA's reconsideration of the rule might result in further rulemaking that would revise or rescind the rule at issue in these proceedings and thereby obviate the need for judicial resolution of some or all of

the issues raised in the parties' briefs. As noted, EPA will advise the Court if it determines that further rulemaking is warranted.

9. The undersigned counsel for EPA has conferred with counsel for Petitioners and has been advised as follows:

a. Petitioner/Intervenor Utility Water Act Group, and Petitioners Southwestern Electric Power Co. and Union Electric Company, doing business as Ameren Missouri consent to the requested 120-day abeyance;

b. Petitioner City of Springfield, Missouri, by and through the Board of Public Utilities ("City Utilities of Springfield") consent to the requested 120-day abeyance;

c. Petitioner Duke Energy Indiana, Inc. ("Duke Energy") consent to the requested 120-day abeyance;

d. Petitioners American Water Works Association ("AWWA") and National Association of Water Companies ("NAWC") oppose the requested 120-day abeyance and intend to file a response;

e. Petitioners/Intervenors Sierra Club, Waterkeeper Alliance, Inc., Environmental Integrity Project and Intervenor Clean Water Action oppose the requested 120-day abeyance and intend to file a response.

WHEREFORE, EPA respectfully requests that the Court issue an order (1) holding all proceedings in this case, including all merits briefing, in abeyance for

120 days, and (2) directing EPA to file a motion to govern further proceedings on

August 12, 2017.

Dated: April 14, 2017                  Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General

*/s/ Jessica O'Donnell*
MARTIN F. McDERMOTT
JESSICA O'DONNELL
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
601 D Street, N.W., Suite 8000
Washington, D.C. 20004
202-305-0851 (tel.)
jessica.o'donnell@usdoj.gov
*Counsel for Respondent EPA*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1079 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. 32(a)(5) and 32(a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2013 in Times New Roman 14-point font.

*/s/ Jessica O'Donnell*
Jessica O'Donnell
Attorney for Respondents

## CERTIFICATE OF SERVICE

I certify that on April 14, 2017, a true and correct copy of the foregoing motion was filed through the Court's ECF system, and thereby served on all counsel of record in this case.

*/s/ Jessica O'Donnell*
Jessica O'Donnell
Attorney for Respondents

# ATTACHMENT A



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

April 12, 2017

THE ADMINISTRATOR

Mr. Harry M. Johnson
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23129-4074

Mr. Major Clark
Mr. Kevin Bromberg
U.S. Small Business Administration
Office of Advocacy
409 3rd Street, SW, 7th Floor
Washington, D.C.  20416

Re:   Petitions for Agency Reconsideration and Stay of Effluent Guidelines for the Steam
      Electric Point Source Category

Dear Mr. Johnson, Mr. Clark and Mr. Bromberg:

      This letter concerns petitions from the Utility Water Action Group dated March 24, 2017,
and the U.S. Small Business Administration dated April 5, 2017, to the U.S. Environmental
Protection Agency requesting reconsideration and an administrative stay of provisions of the
EPA's final rule titled "Effluent Limitations Guidelines and Standards for the Steam Electric
Power Generating Point Source Category," 80 FR 67838 (November 3, 2015).

      After considering your petitions, I have decided that it is appropriate and in the public
interest to reconsider the rule. The EPA is acting promptly to issue an administrative stay of the
compliance dates in the rule that have not yet passed pending judicial review, pursuant to Section
705 of the Administrative Procedure Act. This stay will be effective upon publication in the Federal
Register. The EPA also intends to request that the U.S. Court of Appeals for the Fifth Circuit stay
the pending litigation on the rule for 120 days (until September 12, 2017), by which time the
agency intends to inform the Court of the portions of the rule, if any, that it seeks to have remanded
to the agency for further rulemaking, after careful consideration of the merits in your petitions.
Also, because an administrative stay lasts only during the pendency of judicial review, the EPA
intends to conduct notice and comment rulemaking during the reconsideration period to stay or

amend the compliance deadlines for the rule. This letter does not address the merits of, or suggest a concession of error on, any issue raised in the petitions.

As part of the reconsideration process, should the EPA conduct a rulemaking to amend the rule or any part of it, the EPA expects to provide an opportunity for notice and comment.

If you have questions regarding the reconsideration process, please contact Sarah Greenwalt at (202) 564-1722. If you have any questions or wish to discuss the litigation, please have your counsel direct inquiries to Jessica O'Donnell at (202) 305-0851.

Respectfully yours,

E. Scott Pruitt

# ATTACHMENT B

6560-50-P

**ENVIRONMENTAL PROTECTION AGENCY**

**40 CFR Part 423**

**[EPA-HQ-OW-2009-0819]**

**RIN 2040-AF14**

**Stay of Certain Compliance Deadlines for the Final Rule Entitled "Effluent Limitations Guidelines and Standards for the Steam Electric Power Generating Point Source Category" Published by the Environmental Protection Agency on November 3, 2015.**

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice; delay of compliance deadlines.

**SUMMARY:** By a letter dated April 12, 2017, the Administrator announced the EPA decision to reconsider the final rule that amends the effluent limitations guidelines and standards for the steam electric point source category under the Clean Water Act ("CWA"), published in the **Federal Register** on November 3, 2015. These regulations have been challenged in the U.S. Court of Appeals for the Fifth Circuit, *Southwestern Electric Power Co., et al. v. EPA*, No. 15-60821. The earliest compliance date for the new, and more stringent, best available technology economically achievable ("BAT") effluent limitations and pretreatment standards is November 1, 2018, for each of the following wastestreams: fly ash transport water, bottom ash transport water, flue gas desulfurization ("FGD") wastewater, flue gas mercury control wastewater, and gasification wastewater. These dates have not yet passed and they are within the meaning of the term "effective date" as that term is used in Section 705 of the Administrative Procedure Act ("APA"). Thus, by this action, the EPA is administratively staying and delaying these compliance dates pending judicial review. During this reconsideration, EPA will conduct notice and comment rulemaking with respect to staying the effective dates and/or the compliance dates

of the Rule.

**DATES:** The compliance dates of the Rule specified at 40 CFR §§ 423.11(t), 423.13(g)(1)(i), 423.13(h)(1)(i), 423.13(i)(1)(i), 423.13(j)(1)(i), 423.13(k)(1)(i) and 40 CFR §§ 423.16(e), 423.16(f) 423.16(g) 423.16(h) 423.16(i), published at 80 FR 67838 (Nov. 3, 2015), are stayed pending judicial review.

**ADDRESSES:** EPA has established a docket for the Rule amending 40 CFR part 423 under Docket ID No. EPA-HQ -OW-2009-0819. All documents in the docket are listed on the *http://www.regulations.gov* web site.

**FOR FURTHER INFORMATION CONTACT**: For technical information, contact Ronald Jordan, United States Environmental Protection Agency, Engineering and Analysis Division; telephone number: (202) 564-1003; email address: jordan.ronald@epa.gov. For information related to NPDES permitting of these facilities, contact Sean Ramach at (202) 564-2865, email address: ramash.sean@epa.gov.

Electronic copies of this document and related materials are available on EPA's website at https://www.epa.gov/eg/steam-electric-power-generating-effluent-guidelines-2015-final-rule. Copies of this final rule are also available at http://www.regulations.gov.

**SUPPLEMENTARY INFORMATION:**

**I. Background**

On November 3, 2015, the EPA issued a final rule amending 40 CFR part 423, the effluent limitations guidelines and standards for the steam electric power generating point source category, under Sections 301, 304, 306, 307, 308, 402, and 501 of the CWA (33 U.S.C. §§ 1311, 1314, 1316, 1317, 1318, 1342, and 1361). The amendments addressed and contained limitations and standards on various wastestreams at steam electric power plants: fly ash transport water, bottom ash transport water, flue gas mercury control wastewater, FGD wastewater, gasification

wastewater, and combustion residual leachate. Collectively, this rulemaking is known as the "Effluent Limitations Guidelines and Standards for the Steam Electric Power Generating Point Source Category" ("Rule"). For further information on the Rule, see 80 FR 67838 (Nov. 3, 2015).

EPA received seven petitions for review of the Rule. The United States Judicial Panel on Multi-District Litigation issued an order on December 8, 2015, consolidating all of the petitions in the U.S. Court of Appeals for the Fifth Circuit. Petitioners have filed their briefs, and EPA's brief is currently due by May 4, 2017.

In a letter dated March 24, 2017, the Utility Water Act Group ("UWAG")[1] submitted a petition for reconsideration of the Rule and requested that EPA suspend the Rule's approaching deadlines. In a letter dated April 5, 2017, the Small Business Administration Office of Advocacy also petitioned the EPA for reconsideration of the Rule. The petitions raise wide-ranging and sweeping objections to the Rule, some of which overlap with the claims in the ongoing litigation challenging the Rule in the U.S. Court of Appeals for the Fifth Circuit.[2] The UWAG petition also points to new data, claiming that plants burning subbituminous and bituminous coal cannot comply with the Rule's limitations and standards for FGD wastewater through use of EPA's model technology. The UWAG petition says that a pilot study has been conducted at the Pleasant Prairie plant that supports petitioner's request, and that a final report on the pilot study "is likely to [be] publish[ed] . . . within the next few weeks." Moreover, the petitions say that new data have been collected by American Electric Power that "illustrate[] that variability in wastewater management can also impact performance at bituminous plants such that additional technologies

---

[1] UWAG is a voluntary, ad hoc, unincorporated group of 163 individual energy companies and three national trade associations of energy companies: Edison Electric Institute, the National Rural Electric Cooperative Association, and the American Public Power Association.
[2] A copy of each petition is included in the docket for this rule, Docket ID No. EPA-HQ-OW-2009-0819.

beyond EPA's model technology will be needed to achieve the limits." EPA wishes to review these data.

In an April 12, 2017 letter to those who submitted the reconsideration petitions, the Administrator announced his decision to reconsider the Rule (a copy of this letter is included in the docket for the Rule). As explained in that letter, after considering the objections raised in the reconsideration petitions, the Administrator determined that it is appropriate and in the public interest to reconsider the Rule. Under Section 705 of the APA, 5 U.S.C. § 705, and when justice so requires, an Agency may postpone the effective date of action taken by it pending judicial review. The compliance dates for certain limitations and standards in the Rule do not occur until November 1, 2018, and in the case of the Rule those dates are within the meaning of the term "effective date" as that term is used in Section 705 of the APA. In light of the capital expenditures that facilities incurring costs under the Rule will need to undertake in order to meet the compliance deadlines for the new, more stringent limitations and standards in the Rule—which are as early as November 1, 2018, for direct dischargers and by November 1, 2018, for indirect dischargers—the Agency finds that justice requires it to stay the compliance dates of the Rule that have not yet passed, pending judicial review. *See* 80 FR 67838, 67863-67868 (Nov. 3, 2015) (discussion of costs of the Rule). This will preserve the regulatory status quo with respect to wastestreams subject to the Rule's new, and more stringent, limitations and standards, while the litigation is pending and the reconsideration is underway. While EPA is not making any concession of error with respect to the rulemaking, the far-ranging issues contained in the reconsideration petitions warrant careful and considerate review of the Rule. EPA will also file a motion requesting the Fifth Circuit to hold the litigation challenging the Rule in abeyance while the Agency reconsiders the Rule, after which it will inform the Court of any portions of the Rule

**Stay of Certain Compliance Deadlines for the Final Rule Entitled "Effluent Limitations Guidelines and Standards for the Steam Electric Power Generating Point Source Category" Published by the Environmental Protection Agency on November 3, 2015.**

**Page 5 of 5**

for which it seeks a remand so that it can conduct further rulemaking. Separately, EPA intends to conduct notice and comment rulemaking to stay the compliance deadlines for the new, more stringent limitations and standards in the Rule.

**II. Issuance of a Stay and Delay of Compliance Dates**

The EPA hereby issues an administrative stay of the compliance dates that have not yet passed contained in the Effluent Guidelines and Standards for the Steam Electric Power Generating Point Source Category under Section 705 of the APA. The compliance dates of the Rule specified at 40 CFR §§ 423.11(t), 423.13(g)(1)(i), 423.13(h)(1)(i), 423.13(i)(1)(i), 423.13(j)(1)(i), and 423.13(k)(1)(i), and 40 CFR §§ 423.16(e), 423.16(f) 423.16(g) 423.16(h) 423.16(i), published at 80 FR 67838 (Nov. 3, 2015), are stayed pending judicial review.

**List of Subjects in 40 CFR Part 68**

Environmental protection, Electric power generation, Power plants, Waste treatment and disposal, Water pollution control.

Dated: APR 12 2017

E. Scott Pruitt,

Administrator.

**Page 5 of 5**